# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 18-20946-CR-ALTONAGA/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ULYSSES CABRERA, et al.,

    Defendants.

_____/

### CORRECTED[1] REPORT AND RECOMMENDATIONS AND POST-HEARING ADMINISTRATIVE ORDER

After a two-day hearing, the Undersigned dictated into the record yesterday afternoon an oral Report and Recommendations on an Omnibus Motion to Suppress filed by Defendants Quinonez, Smith, Salgado, and Terry. [ECF No. 750]. United States District Judge Cecilia M. Altonaga referred the omnibus suppression to the Undersigned. [ECF No. 753]. As announced on February 27, 2020 in open Court in a ruling which took approximately an hour and a half to read into the record, the Undersigned recommended

---

[1] The original Report and Recommendations and Post-Hearing Administrative Order incorrectly stated, on page 3, last sentence, the following: "**Alain Terry**: The Undersigned recommends that *Smith's* motion to suppress be **granted**." (emphasis added). The Report and Recommendations is now corrected to reflect that I am granting *Terry's* motion to suppress.

that the District Court **grant in small part** and **deny in large part** the motion to suppress. In particular, the Undersigned made the following recommendations on the record as to each Defendants' motion to suppress, and I am now summarizing those recommendations, all of which are based on the factual and legal grounds outlined in the oral ruling.

**Bernardo Quinonez**: The Undersigned recommends that Quinonez's motion to suppress be **denied in part** and **granted in (small) part**. The Undersigned determined that the searches of the cell phones and computers seized from the Axis building were not improper because they were authorized by a search warrant, and the Undersigned therefore recommends denial of Quinonez's motion on that point.

Although perhaps not expressly mentioned in the oral ruling dictated in the record as an alternative ground[2] for the recommendation, the Undersigned also relies on the good faith exception to the exclusionary rule as an additional ground for recommending denial of this portion of the motion. *See United States v. Leon*, 468 U.S. 897 (1984). Because the affidavit supporting the warrant mentioned in great detail the protocol for the search, the intent to obtain a warrant authorizing the later search of the seized cellphones and

---

[2] The Undersigned discussed the good faith doctrine in yesterday's lengthy oral dictation of my Report and Recommendation, but I cannot now recall specifically whether I unequivocally noted it as a legal ground to support the ruling. If I did not say it, I certainly meant to, and I am flagging it here so that there is no ambiguity.

digital devices,[3] and because the warrant expressly mentions the affidavit,[4] the officers acted in good faith when they searched the cellphones and digital devices. Therefore, the exclusionary rule would not result in the suppression of the evidence obtained from the search of the cellphones and digital devices. *See generally United States v. Hill*, No. 6:19-cr-1-Orl-40LRH, 2019 WL 2904731, at *6-7 (M.D. Fla. July 6, 2019) (authorizing seizure of computers and noting that the evidence could only be obtained by opening up and searching the electronic devices and also relying on the *Leon* good faith doctrine).

Regarding Quinonez's post-arrest statements provided while he was in custody at the ATF Office, the Undersigned found that Quinonez's pre-*Miranda* comment in response to the question, "How long have you lived at the Axis?" was the result of in-custody interrogation and should be suppressed. The wording of the question was strategic and would not fit into the "general background" exception to statements made by in-custody suspects without being Mirandized.

However, the Undersigned found that Quinonez's motion to suppress should be denied with regard to the remainder of his statements made while in custody at the ATF Office.

**Hector Salgado**: The Undersigned recommends that Salgado's motion to suppress

---

[3] Paragraph 24 of the affidavit explains that the warrant being sought would permit later review of the media or information consistent with the warrant.

[4] The warrant describes, as items to be seized, evidence of drug distribution and conspiracy, "as described in the search warrant affidavit." (emphasis added).

be **denied**.

**Victor Smith**: The Undersigned recommends that Smith's motion to suppress be **denied**.

**Alain Terry**: The Undersigned recommends that Terry's motion to suppress be **granted**.

The factual and legal basis for the Undersigned's Report and Recommendations were provided in detail on the record. The Undersigned directed counsel to obtain copies of the evidentiary hearing transcript and the transcript containing the Undersigned's Report and Recommendations if they wish to pursue objections.

**Objections**

The parties will have until March 6, 2020 to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection by March 11, 2020.[5] Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th

---

[5] The Undersigned is shortening the period for filing objections and responses (to objections) because the briefing has already been extensive and because of the upcoming trial date. As noted at the start of yesterday's hearing, the court reporter (who handled both evidentiary hearings, yesterday's post-evidence oral argument, and lengthy ruling) had already started preparing the transcript from the first evidentiary hearing.

Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on March 2, 2020.

> Jonathan Goodman
> UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Cecilia M. Altonaga
All counsel of record